## REESE M. BOWMAN *v.* COUNTY COMMISSIONERS OF HARFORD COUNTY.

[No. 115, October Term, 1933.]

*Decided January 31st, 1934.*

The cause was argued before BOND, C. J., URNER, ADKINS, OFFUTT, PARKE, and SLOAN, JJ.

*Frederick Lee Cobourn,* for the appellant.

*Charles H. MacNabb* and *Robert H. Archer,* with whom were *Morris Rosenberg* and *Tydings, Walsh, Levy & Archer,* on the brief, for the appellee.

ADKINS, J., delivered the opinion of the Court.

The only question in this case is the constitutionality of chapter 16 of the Acts of 1933. That act repealed and re-enacted section 452 of article 13 of the Code of Public Local Laws of Maryland (1930), applicable to Harford County. The section repealed was as follows: "452. It shall be the duty of said Sheriff to furnish all supplies and provisions necessary, in his judgment, for the support and maintenance of all persons committed to the jail of said county, for which said Sheriff shall be allowed the sum of sixty cents per day for each prisoner confined in said jail, said sum to be levied by said Board of County Commissioners of Harford County as hereinbefore provided and paid by said Board to said Sheriff monthly." This section was re-enacted in the same words, except that forty cents was substituted for sixty cents.

The Act of 1933 was passed during the term of the appellant as sheriff. It was passed as an emergency act, and, if constitutional, went into effect as on March 3rd, 1933, the date of its passage. For the month of April the county commissioners allowed the sheriff the reduced per diem, whereupon he brought suit to recover the difference between the old and the new allowance. The defendant pleaded the stat-

ute, to which the plaintiff demurred, and the court overruled the demurrer, and, the plaintiff declining to proceed further, judgment was entered for the defendant for costs. The appeal is from that judgment.

Appellant's contention is that the act violated section 35 of article 3 of the Constitution of Maryland, which prohibits the increase or decrease of "the salary or compensation" of any public officer during his term of office. The question is: Is the amount allowed the sheriff for furnishing supplies and provisions "salary or compensation" within the meaning of said constitutional provision?

Consider both sections 450 and 453 together, and their history will be helpful. Prior to 1916, for services rendered the county the sheriff received his compensation entirely from fees. By the Acts of 1916, ch. 550, sections 250 and 251 of article 13 of the Local Code of 1888 were repealed and re-enacted with amendments, and two new sections, 251A and 251B, were added. The new section 250 provided that the county commissioners should pay the sheriff annually, in monthly payments, the sum of $2,500, which sum should be in full for all claims of the sheriff for "his care, labor, responsibility and expense in discharging the duties of his office, including the keeping safe in jail, the prisoners committed to his custody, the cooking and serving to said prisoners the provisions furnished for them by said Board of County Commissioners, as hereinafter provided, the necessary washing for said prisoners and keeping the jail in a cleanly condition," and that the commissioners should not pay him, for any services he might render in the discharge of his official duties, any further or other compensation except a fee of $300 for every execution of the sentence of death, and actual expenses for the transportation of prisoners to or from any prison or place of confinement beyond the limits of Harford County.

Section 251A was in the exact language of the present section 452 of the Code, except it was made the duty of the board of county commissioners to furnish the supplies and

provisions, and of course provision for an allowance for them to the sheriff was absent.

The substitution of the sheriff for the county commissioners, and the allowance to him for furnishing the provisions in the section, was made by the Acts of 1918, ch. 98, and, by said act, the allowance of $3,000 for expenses was also made. The allowance was increased to $4,000 by chapter 256 of the Acts of 1927, and reduced to $3,000 by chapter 15 of the Acts of 1933.

It is difficult to read sections 450 and 452 together, as they now appear in the Code, without being impressed with the distinction that is made between the $2,500 which is to be paid the sheriff, and the $4,000 which is to be allowed him, and also the sixty cents per day for each prisoner which is to be allowed him for the provisions to be furnished by him.

It will be noted that nothing but the furnishing of the supplies and provisions is included in the sixty cents allowed in section 452. The compensation for and the expense involved in the "cooking and serving" is provided in section 450.

The substitution of the sheriff for the county commissioners in the matter of furnishing these supplies was probably made as a matter of convenience to the sheriff, as he was in a position to know from day to day what the requirements would be. It certainly cannot be assumed that it was done for the purpose of adding a perquisite to the sheriff's office from which he might derive a profit, at the expense of the prisoners. It would be against public policy to permit the possibility of such a result. It would be putting officers acting in a semi-fiduciary capacity in a position in which there would be a conflict between interest and duty. At common law the jailor could not have "any benefit or advantage from the sale of any article to any prisoner, nor supply the prison." 1 *Blackstone's Commentaries* (Lewis' Ed.), p. 346, note 25. It is not thought that the Legislature intended to depart from that principle.

In an official opinion by Attorney General Robinson, dated January 8th, 1930, before appellant was elected, the statute was construed, and he advised the state auditor that the

sheriff was not entitled to make a profit from this allowance. 15 *Opinions of Attorney General,* p. 276. We entirely agree with that conclusion. See also *Cecil v. Anne Arundel County Com'rs,* 121 Md. 696, 87 A. 1106.

We hold that the allowance provided by section 452 of article 13 of the Code of Public Local Laws (1930) was an expense allowance, which the Legislature could change at will, and was not salary or compensation within the meaning of section 35, article 3 of the Constitution, or of section 2 of article 16, and that the demurrer was properly overruled.

*Judgment affirmed, with costs.*